**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50053 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-04309-W-1 |
| v. | |
| MIGUEL LEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted December 8, 2010[**]
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

On October 16, 2008, Miguel Ley was arrested by Border Patrol officers who discovered approximately 171 pounds of marijuana hidden in a diesel tank in the bed of Mr. Ley's pickup truck. Mr. Ley was the driver, sole occupant, and owner of the truck.

On April 16, 2009, Mr. Ley was convicted of two counts: (1) importing in excess of 50 kilograms of marijuana in violation of 21 U.S.C. §§ 952 and 960; and (2) possessing with intent to distribute in excess of 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). ER 171. He was sentenced to 30 months in custody and three years of supervised release. ER 172–173.

Mr. Ley appeals his conviction on two grounds. First, he argues that the prosecutor made improper remarks during closing argument and rebuttal that unfairly prejudiced him, and that the district court's handling of those remarks constituted reversible error. Second, he argues that the district court erred in its instructions to the grand jury that they should indict in every case where there is probable cause.

As to the first ground, we conclude that the complained-of statements by the prosecutor were not improper, with one exception.[1] Moreover, even if allowing the statements was error, doing so was harmless error and certainly not plain error.[2] The case against Mr. Ley was strong, and his defense theory was implausible; it is unlikely that a reasonable juror's decision would have been different absent the prosecutor's remarks.

Mr. Ley's second ground for appeal—that the grand jury instructions were improper—is squarely foreclosed by Ninth Circuit en banc precedent. *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1204–06 (9th Cir. 2005) (en banc).

AFFIRMED.

---

[1] The statement in closing argument by the prosecutor that removing the "700 pounds of propane" would require a "forklift" was improper. However, defense counsel's objection was sustained and an appropriate instruction was given.

[2] At trial, defense counsel did not object to most of the statements, so those statements are subjected to plain error analysis; the one statement to which defense counsel objected is reviewed under the more stringent harmless error standard. *United States v. Nobari*, 574 F.3d 1065, 1073, 1080 (9th Cir. 2009). This distinction is unimportant here, however, because we conclude that any error was harmless.

3